Price v. Lederer.

---

HENRY W. PRICE, Respondent, v. ADOLPH LEDERER et al., Appellants.

St. Louis Court of Appeals, January 22, 1889.

1. **Admission by Party, Through Another Person.** Where a witness was referred by the defendant to a third person for all the information he desired concerning a transaction in controversy, the statements thereupon made to the witness by such third person are competent evidence in the nature of admissions made by the defendant through his authorized agent, so far as such statements are within the scope of the reference.

2. **Evidence:** CONTRADICTING ONE'S OWN WITNESS. While a party may not attack the character of his own witness or impeach his credibility, it is yet always competent for him to show by other testimony that any material statement made by such witness is not true.

3. **Practice, Appellate:** AFFIRMANCE ON PROOFS. Although all the positive proofs relating to a valid defense may tend to establish such defense, yet if, in the light of all the facts developed by the evidence, it cannot be said that there is no substantial evidence tending to cast a reasonable and well-grounded suspicion on such defense, nor any tending to disprove it, and if the trial court has sustained a verdict against such positive proofs of the defendant, the testimony countervailing them need not be very strong to authorize an affirmance of the judgment.

4. **Instructions:** EFFECT OF TESTIMONY. An instruction that the jury were not bound to accept as true a statement of fact made on the witness-stand, if from all other facts and circumstances in evidence they believed that such statement was not true, was substantially correct. An instruction that it was not necessary to establish fraud by positive and direct proof, but that it might be established by evidence of facts and circumstances from which, with all the evidence in the case, the jury might be satisfied of the xistence of such fraud, may be open to criticism, but is not sufficiently so to authorize a reversal on that account.

5. **Judgment:** JOINT OR SEVERAL. An objection that a judgment was rendered against two defendants jointly, whereas the evidence tended to show a liability in only one of them, cannot be urged by the defendant so supposed to be liable, when his co-defendant has offered no such objection.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Joseph S. Laurie,* for the appellants.

It is well established, that if a purchaser of goods acquires his title by fraud, the vendor may, at his election, upon discovery of the fraud, rescind the contract of sale and reclaim the property, provided the rights of third parties have not intervened. *Thomas v. Freligh,* 9 Mo. App. 151 ; *Manheimer v. Harrington,* 20 Mo. App. 297 ; *Elsass v. Harrington,* 28 Mo. App. 300 ; *Feder v. Abrams,* 28 Mo. App. 454 ; *Bidault v. Wales,* 19 Mo. 36 ; *Webster v. Fox,* 46 Mo. 181 ; *Donaldson v. Farwell,* 93 U. S. 631. Defendant, upon the fraud of

Lederer being shown, was only required to show that prior to this action he had actually bought the gloves of Lederer, and had paid for and taken possession of the same, and he was thereupon entitled to recover, unless plaintiff showed that defendant bought with knowledge, or a reasonable ground to suspect, Lederer's fraud in acquiring the title. *Easter v. Allen*, 8 Allen, 7 ; *Spira v. Hoenthall*, 71 Ala. 137 ; *Robinson v. Levi*, 81 Ala. 134 ; *Jones v. Simpson*, 116 U. S. 609 ; *Johnson v. McMurray*, 72 Mo. 278 ; *Bank v. Tinsley*, 11 Mo. App. 498 ; *Mason v. Bank*, 16 Mo. App. 275 ; *Carson v. Porter*, 22 Mo. App. 179 ; *Smith v. Sac County*, 11 Wall. 139. The introduction of the bill of sale reciting the consideration paid and formally executed, together with proof of possession, would have been sufficient evidence to establish a *prima-facie* title. *Albert v. Besel*, 88 Mo. 150. In order to have returned a verdict for plaintiff in this case, the jury must have found that Van Raalte was not, in fact, a purchaser for value, or that, being such a purchaser, he nevertheless, at the time of the purchase, knew, or had reasonable ground to suspect, the fraud by which Lederer acquired his title. *Lionberger v. Pohlman*, 16 Mo. App. 392 ; affirmed in *Borgraeffe v. Knights of Honor*, 22 Mo. App. 148. In *Schulte v. Railroad*, 5 Mo. App. 578, this court says : "When the preponderance of evidence is so excessive as to show that the trial court abused its discretionary power in allowing the verdict to stand, the verdict will be set aside by the appellate court." *Hearne v. Keath*, 63 Mo. 84. The verdict, then, must have been based upon the second ground, as above stated, that is to say, that Van Raalte, when he bought the stock of goods, knew, or had reasonable ground to suspect, that the gloves had not been paid for by Lederer, and further, that Lederer had acquired his title by fraud. There is no evidence that Van Raalte knew, or had any reason to believe, that said gloves had not been paid for. In

point of fact, they had not been paid for, and the bill was not due for ninety days, but defendant, as declared by the court in an instruction, was not required to make any inquiry upon the subject, and had the right, in the absence of anything appearing to the contrary, to assume that Lederer had either paid for the gloves or intended so to do. *Pierce v. Merritt*, 70 Mo. 275 ; *Rupe v. Alkire*, 77 Mo. 641 ; *Gaff v. Bank*, 12 Mo. App. 574. Goldsmith was allowed to testify on behalf of plaintiff, that after the sale he had a conversation with defendant's stepfather, who told him that when Lederer called at defendant's store, "he first wanted to raise money on the stock by chattel mortgage." This testimony was incompetent. Said party was defendant's agent prior to the sale, also in the care of the property after the sale occurred, but it was not within the scope of his agency to make admissions or declarations after the sale, as to the circumstances under which defendant bought the property. *Winchester Company v. Creary*, 116 U. S. 161 ; *Scoville v. Glasner*, 79 Mo. 449. The testimony had no pertinence to the issue. The object of the question was to impeach by contradiction plaintiff's own witness, Lederer, who had stated that his only proposition to Van Raalte was to sell his stock, and that he never proposed to him to borrow or raise money thereon. Plaintiff's instruction number nine is as to the credibility of witnesses, and directs the jury that "they are not bound to accept a statement as true, simply because it was made on the witness-stand, if, from all the evidence in the case, and all the other facts in the case, they believe that such statement is untrue." An instruction of this character may be proper, when there is a conflict of testimony, but certainly not when, as in this case, the testimony is "all on one side." It was calculated to mislead the jury, and give them the idea that they had the right arbitrarily to reject and discredit uncontradicted testimony. Besides, it was a

covert attack upon the credibility of witnesses introduced by plaintiff, whose credibility he thereby vouched for, and by whose statements he was concluded in the absence of countervailing testimony. *Dunn v. Dunnaker*, 87 Mo. 597; *Hunt v. Hoover*, 34 Iowa, 77; *Tarsney v. Turner*, 2 Flippin, 735; *Fillmore v. Railroad*, 2 Wyoming, 94; *Darling v. Hurst*, 39 Michigan, 765; *Blanch v. Levy*, 46 Sup. Court N. Y. 429. Instruction number ten, given in behalf of plaintiff, submits the issue of fraud to the jury, tells them it need not be proven by direct testimony, but may be inferred from "circumstances surrounding the transaction." A similar instruction is criticized in *Albert v. Besel*, 88 Mo. 153, as being "more liable to mislead jurors than to aid them," and as a corrective adds the words, "indicative of a design," etc. As to Lederer, his fraud, by reason of the stipulation not being an "open question," it was error to submit the same to the determination of the jury. *Stewart v. Nelson*, 79 Mo. 522. As to Van Raalte, he, not having been a participant in said fraud, was not subject to the imputation involved in the instruction. "Instructions suggesting an imputation of fraud should be avoided, unless warranted by the proofs." *Beauchamp v. Higgins*, 20 Mo. App. 514. When an instruction submits an issue not warranted by the evidence, a verdict thereon must be set aside. *Cottrel v. Spies*, 23 Mo. App. 35. Lederer was a wrong-doer. Concede that Van Raalte, as a sub-purchaser, only acquired Lederer's rights with respect to the property, still he is entitled to protection under such circumstances. The New York court of appeals in a similar action (*Barnard v. Campbell*, 58 N. Y. 75), say: "The plaintiffs could lose the right (rescission) by delay, as against the wrong-doer, if in consequence of such delay his position should be changed." *Henderson v. Gibbs*, 18 Pac. Rep. 927; *Clough v. Railroad*, L. R. 7 Ex. 26; *Wood v. Yeatman*, 15 B. Mon. 270; Bigelow on Fraud

(Ed. 1888) 437. The record shows that the judgment was simply against "the defendant." Assuming that Van Raalte was the defendant intended to be designated, still the verdict and judgment are defective, because no disposition is made of Lederer, the co-defendant. This objection is by no means one of form, but is material, and vitiates the judgment. *Scweikhardt v. City*, 2 Mo. App. 571; *Eichelmann v. Weiss*, 7 Mo. App. 87. No judgment could have been properly rendered against Lederer, for the reason that it conclusively appeared, and in fact was not disputed, that Van Raalte was in sole and exclusive possession and control of the property at the issuance of the writ of replevin. *Feder v. Abraham*, 28 Mo. App. 454.

*Rassieur & Schnurmacher*, for the respondent.

It was claimed by appellant that Lederer called at his store and offered to sell him his business, because he was too sick to carry it on. That Lederer did not seek a loan on his stock. Goldsmith testified that, on the very day of the alleged purchase, and within two hours after the time when appellant claims to have paid Lederer, appellant was unable to give him any information about the matter, and referred him to his father, Julius, as the person familiar with it. Goldsmith called on Julius and Julius could give him no information because the inventory was with Samuel, but Julius told him that Lederer had tried to raise some money upon mortgage, and upon being refused, sold them his stock. The alleged inventory was begun on Saturday, October 2, 1886, by Julius Van Raalte. It is admitted that plaintiff's goods were delivered on that day. They were found in a rear room in their original packages. During the time it is alleged the inventory was being taken, goods were seen going out of Lederer's back entrance. Samuel Van Raalte testifies that he bought the store to

establish it as a branch to his business. Almost immediately it is advertised for sale, an auction takes place, and when the storm of attachment and replevin suits induced by the transaction has cleared off, the place is reopened as before, conducted by the Lederers, as before, and Van Raalte has received back all the money advanced to Lederer and two or three hundred dollars over. The only change brought about by the transformation is that Jacobs' name is over the door, though Jacobs is seldom seen in the premises. This case does not come within the rule referred to by appellant's counsel. The rule stated in *Gregory v. Chambers*, 78 Mo. 299, is peculiarly applicable. In that case the court reiterates what was said on a previous occasion : "All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury. The credit due to witnesses is a matter peculiarly for a jury." *Boone v. Railroad*, 20 Mo. App. 235 ; *Hopkins v. Sievert*, 58 Mo. 201. There was no error in allowing Goldsmith to testify that Julius Van Raalte had told him that "Lederer first wanted to raise money on the stock by chattel mortgage." Goldsmith had been referred by appellant to Julius for information concerning the particulars of the alleged transaction, and it was in consequence thereof that he applied to and received from him this statement. Appellant was therefore bound by it. 1 Greenl. (Red. Ed.) sec. 182 and cases cited. The instruction, that the jury were not bound to accept a statement as true simply because made on the witness-stand, etc., was proper. *State v. Kring*, 1 Mo. App. 438, s. c. 64 Mo. 591 ; *Edwards v. Crenshaw*, 19 Mo. App. 515. The jury were simply informed that they could consider the circumstances, as well as the words spoken by witnesses. *State to use v. Estel*, 6 Mo. App. 6.

BIGGS, J., delivered the opinion of the court.

This is an action of replevin, brought by the respondent in the circuit court of the city of St. Louis, on the twelfth day of October, 1886, to recover from the defendant Adolph Lederer, and the appellant Samuel Van Raalte, the possession of a lot of gloves, of the alleged value of three hundred and twelve dollars. The respondent gave bond, and the property, as shown by the return of the officer, was taken from the possession of defendants and delivered to the respondent. The defendant Lederer failing to appear, judgment by default was entered against him.

Appellant's testimony tended to show that, on the second day of October, 1886, the appellant bought a stock of goods from his co-defendant Lederer, who was at that time, and for several years previous had been, engaged in a retail business on Chouteau avenue in the city of St. Louis; that the gloves in controversy were a part of the stock of goods, and were included in appellant's purchase. The inventory or appraisement of the stock of goods amounted to something over eleven thousand dollars, for which appellant agreed to, and did pay, sixty-five cents on the dollar; that the respondent was engaged in the manufacture of gloves in the state of Illinois; that in August, Lederer had given respondent's agent an order for the gloves in controversy, and that, in pursuance of this order, the gloves were shipped to the city of St. Louis, and delivered to Lederer at his place of business on the said second day of October, 1886.

At the beginning of the trial, appellant Van Raalte made the following admission, to-wit: " The defendant Van Raalte, for the purposes of this trial, admits that the goods described in the petition were bought by Lederer of plaintiff on August 6, 1886, and delivered to Lederer October 2, 1886, payable in ninety days from that date, and further that Lederer, when he purchased

said goods, did not intend to pay for them." It was conceded that this proposition made a *prima-facie* case for respondent, and that Van Raalte had the right to open and close the case. The contention of appellant was, that he was an *actual* and *bona-fide* purchaser of the goods from Lederer, that he paid a valuable consideration therefor, and that Lederer, prior to the institution of this suit, had delivered to him the possession thereof, and that he, Van Raalte, at the time of the commencement of this action, was in the exclusive possession of said property. Respondent denied that appellant was an *actual* purchaser of the property, and contended that the purchase was a "sham"; that as a matter of fact there had been no real sale. Respondent also contended that, even though appellant had actually bought and paid for the goods, yet he either had knowledge of the fraud of his co-defendant Lederer, or that the circumstances and facts surrounding the case, and which were known to appellant, were such that a prudent man would have suspected the fraud. The instructions given by the court on motion of appellant, and also those given by the court itself, submitted the case to the jury on the foregoing theory. There was a judgment for respondent and Van Raalte prosecutes this appeal.

Appellant complains of the instructions given, and the refusal of the court to give other instructions asked by him, and also that incompetent and illegal testimony was admitted against his objection. It would be better to dispose of the latter question first. Appellant complains of the testimony of David Goldsmith, who was introduced as a witness by respondent. Goldsmith was permitted, against appellant's objection, to testify to a conversation between himself and Julius Van Raalte, the step-father of appellant. The substance of Goldsmith's testimony was, that he represented some of Lederer's creditors ; that, on the sixth day of October, the day on which the appellant claims that the inventory was completed, and he had paid for the goods,

witness called at appellant's place of business in the city, and asked him if he had bought Lederer's stock of goods, at the same time informing appellant that he represented some of the creditors of Lederer. Appellant said that he had bought the goods, and then Goldsmith asked Van Raalte to give him the particulars of the sale. He said that he could not or would not do so, but referred witness to his step-father, Julius Van Raalte, who could give him all the information desired. Julius Van Raalte was then on Chouteau avenue in charge of the Lederer store, as the agent of appellant. Witness called on Julius Van Raalte and informed him that he represented Laughlin & Sons, who were creditors of Lederer, and that appellant had referred witness to him for the particulars of the sale. Witness said : "I then asked him (Julius Van Raalte) how his firm came to make the purchase ; and he told me that Mr. Lederer had called on them, and had first wanted to borrow money by giving a chattel mortgage on the stock of goods ; that his firm declined to make any such loan, and that then Lederer said that he supposed they would not buy for cash, and that he replied, ' yes, that they would buy for cash, that they could buy six such stocks.' We think this testimony was competent and properly admitted by the court. When a party refers another to a third person for information, concerning any matter in controversy, the former is bound by the declarations or admissions of the party referred to, as to all matters within the scope of the reference. Greenl. Ev. (12 Ed.) sec. 182. And such testimony is admissible against the party, at the suit of any one, when the subject-matter of the reference is in controversy. The theory on which the testimony is made admissible is, that the party, by the reference, constitutes the party referred to his agent and authorizes him to speak for him. It is the same as if the party himself had made the admission. We think the testimony elicited was within the scope of the reference. Appellant in his testimony admits that he

referred Goldsmith to Julius Van Raalte, and told him (Goldsmith) "that Julius Van Raalte would give him all the details, and explain everything concerning the purchase."

The other objection urged by appellant against the admissibility of the testimony, we don't think can be maintained. Even if the testimony of Goldsmith did contradict that of the defendant Lederer, who was sworn as a witness by respondent, yet it is competent. The respondent under the rule would only have been precluded from attacking the character of Lederer as a witness, or that Lederer had made statements out of court contradictory of his testimony. Respondent was at perfect liberty to show by other and competent testimony that any statement made by his witness Lederer was not true. We think that this testimony in any view of the case was admissible. The court on its own motion instructed the jury, in effect, that, under the admissions made by appellant, the purchase by Lederer of the goods in controversy was a fraud, and that the burden of proof was on appellant to show that he bought the goods from Lederer and paid a valuable consideration for them ; that if these facts were shown to the satisfaction of the jury, then it devolved on respondent to show, either that appellant knew of Lederer's fraud, in the purchase, or that the facts and circumstances surrounding the case were such that a man of ordinary prudence and caution would have suspected the fraud, and been put upon inquiry.

The first instruction asked by the counsel for appellant and given by the court was as follows : "1. The court instructs the jury that if they believe from the evidence that defendant Van Raalte, on October 6, 1886, for a valuable consideration, bought from Lederer and took possession thereof his stock of goods, including the gloves involved in this suit, they will find a verdict for defendant, unless they find from the evidence that

at said date defendant knew, or had reasonable grounds to suspect, that said gloves had not been paid for by Lederer, and that Lederer had bought the same with the design of never paying for them ; and the jury are instructed that the burden of proof is on plaintiff to satisfy them by competent evidence that defendant knew, or had reasonable grounds to suspect, such facts.'' Appellant then asked the court to instruct the jury that there was no evidence to contradict the fact that Van Raalte, on October 6, 1886, had bought from Lederer, the stock of goods, paid a valuable consideration therefor, and had taken possession of the same ; and further, that there was no evidence in the case tending to show that Van Raalte, at the time of the purchase, knew, or had reasonable grounds to suspect, that Lederer had bought the goods in controversy with no intention of paying for them. The court refused to do this, and appellant assigns the action as error.

Appellant complains, (1) ''That the verdict is not only contrary to all the evidence, but is supported by no evidence whatever.'' (2) ''That, as there was no evidence tending to show that appellant had reason to suspect that Lederer had bought the goods in controversy with no intention of paying for them, and as there was no testimony tending to disprove the fact of the actual purchase by appellant, that the instructions refused should have been given.'' There is no rule of law more firmly settled in the practice of this state than that ''the jurors are the sole judges of the credibility of witnesses, and the weight of evidence''; but by this it is not meant that a jury is authorized to return a verdict that is unsupported by any *substantial* evidence. This court, in case of *Lionberger v. Pohlman*, 16 Mo. App. 392, laid down this rule : ''That where the testimony offered in support of the allegations of the party who sustains the burden of proof is, if believed, sufficient to make out his case, and is clear, consistent with itself,

delivered by an unimpeached witness, and no circum-
stance is developed tending to cast suspicion upon it,
and no substantial countervailing evidence is offered by
the other party, if the jury nevertheless disregard it and
return a verdict against it, it will be the duty of the
trial court, and of an appellate court, on appeal or error,
to set it aside, as being the result of manifest mistake."
We have examined the evidence as preserved in the bill
of exceptions with a great deal of care, and have endeav-
ored to apply the foregoing rule.    In the light of all the
facts and circumstances developed by the evidence, we
cannot say that there is no evidence tending to cast a
reasonable and well-grounded suspicion on appellant's
defense ; nor can we say there was no countervailing
testimony having a tendency to disprove the case as
made by appellant's evidence.    It is true, as urged by
counsel for appellant, that all the positive proof was to
the effect that appellant had actually bought and paid
Lederer for the goods.    But because this is true, a ver-
dict and judgment for appellant would not necessarily
follow.    In a majority of cases involving the wrongful or
fraudulent disposition of property, the positive and
direct testimony as to the actual transfer and payment
of the purchase money is quite abundant, all of the
formalities of the law are scrupulously complied with,
and third parties are generally called in to witness the
payment of the purchase money.    The trial judge in such
cases, has an opportunity not afforded an appellate court
of determining the value of such testimony, and when a
verdict against such testimony has received the sanction
of the trial court, the countervailing testimony need not
be very strong to authorize an affirmance of the judg-
ment.

The instructions given on motion of the respondent
were substantially correct.    The court told the jury that
they were not bound to accept as true a statement of
fact made on the witness-stand, if, from all other facts

Price v. Lederer.

and circumstances in evidence, they believed that such statement was not true. By the tenth instruction, the court told the jury that it was not necessary to establish fraud by positive and direct proof, that it might be established by circumstantial evidence, that is, by evidence of facts or circumstances surrounding the transaction, if, from such evidence, and all the evidence in the case, the jury were satisfied of the existence of the fraud in question. This last instruction is subject to criticism and a similar instruction *was* criticised by the supreme court of the state in the case of *Albert v. Besel*, 88 Mo. 154. While we think the instruction is not free from objection, yet the objection is of such a character that we are not disposed to reverse the case on account of it.

Lastly, it is urged by counsel for the appellant that the judgment is a joint one, against appellant and defendant Adolph Lederer ; that the undisputed testimony was that appellant was in the exclusive possession of the goods, and that the cause ought to have been dismissed as to Lederer. Lederer made no defense, and judgment by default was taken against him. Lederer alone (if any one) was prejudiced by the form of the judgment. Lederer is not before this court, and appellant cannot complain for him. Appellant filed his answer asserting that he was the owner, and at the time of the service of the writ was in the exclusive possession of the property replevied ; there was no reply filed. Appellant contends that upon this state of facts, the suit ought to have been dismissed as to Lederer. The answer to this is, that the record does not show any attempt on his part, or that of Lederer, to have the suit dismissed as to the latter.

The judgment is affirmed. All concur