ADLER-GOLDMAN COMMISSION COMPANY, Respondent, v. ADAMS EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, March 21, 1893.

Hearsay Evidence: REFERENCE BY PARTY TO THIRD PERSONS. When one party refers the other to a specified agent of a corporation for information in regard to a matter in dispute, and this agent, in order to obtain the desired information, enters into correspondence with other agents of the corporation who have had the matter more directly in hand, this correspondence is not competent evidence against the first mentioned party as being within the scope of the reference.

*Appeal from the St. Louis City Circuit Court.*—HON. W. W. EDWARDS, Special Judge.

AFFIRMED.

*Laughlin, Wood & Tansey*, for appellant.

*Silas B. Jones*, for respondent.

BIGGS, J.—The plaintiff recovered judgment upon the following statement: "Plaintiff for its cause of action against the defendant states that heretofore, to-wit, on the eighth day of October, 1891, it delivered to the defendant, an express company at the city of St. Louis, Missouri, sixty dollars and twenty-one cents ($60.21), to be transported and delivered by the defendant for the plaintiff to one F. M. Welsh at Ravenden, Arkansas; that, while said money was in transit and before the same was delivered to the said Welsh, the plaintiff requested the defendant not to deliver said money to said Welsh, but to return the same to the plaintiff; and the defendant agreed with the plaintiff to

return said money to St. Louis, and there deliver the same to the plaintiff, and assured the plaintiff that it could act on the theory that said money would be promptly returned and delivered by defendant to the plaintiff; that, in consequence of said assurance given by the defendant to the plaintiff as aforesaid, the plaintiff sent to the said Welsh other $60.21 in lieu of $60.21 first hereinabove mentioned; and plaintiff states that the defendant, in violation of its duty to this plaintiff and in violation of its contract and agreement to return said $60.21 first hereinbefore mentioned to this plaintiff, wrongfully and unlawfully delivered the same to said F. M. Welsh after the delivery thereof had been countermanded, and the defendant had promised to return the same to this plaintiff.''

The jury returned a verdict for the amount sued for, and a judgment was entered thereon. The defendant has appealed, and complains of the admission of evidence and of the instruction given at the instance of the plaintiff.

The instruction complained of is as follows: "The court instructs the jury that, if they believe from the evidence that the plaintiff delivered the $60.21 mentioned in evidence to the defendant at the city of St. Louis, to be transported to Ravenden, Arkansas, by the defendant, or by the defendant and any other express company, there to be delivered to F. M. Welsh, and that afterwards and before the delivery of said money to Welsh the plaintiff requested the defendant not to deliver said money to said Welsh but to return the same to the plaintiff at the city of St. Louis, and that the defendant promised to return said money and told plaintiff that plaintiff could rely upon said money being returned and could safely send other

money to said Welsh; and that plaintiff, relying upon said statements, if you believe from the evidence that said statements were made, sent other money to said Welsh, and in consequence thereof lost the $60.21 first hereinbefore mentioned, then the jury will find for the plaintiff, and assess its damages in the sum of $60.21, with interest at the rate of six per cent. per annum thereon from the twenty-fifth day of January, 1892."

The objection to the instruction is, that there was no evidence that the defendant assured the plaintiff that the money first sent would be returned, and that plaintiff could without risk send other money to Welsh. This requires a brief reference to the evidence. On the eighth day of October, 1891, the plaintiff, who owed to one Welsh $60.21, delivered the amount in currency to the defendant company, to be carried to Ravenden, Arkansas, and there delivered to Welsh. About the fourteenth day of October, Welsh wrote to the plaintiff that he had left Ravenden, and he requested that the money be expressed to him at Thayer, Missouri. The plaintiff immediately notified the defendant, and it agreed to order the money returned to St. Louis. On the twenty-first of October Welsh wrote to plaintiff from Thayer, complaining of the delay in forwarding this money. Upon the receipt of this communication Mr. Helman, an employe of the plaintiff, notified the defendant of this complaint, and he also expressed dissatisfaction on account of the failure of the defendant to have the money returned. Helman's testimony as to this interview was substantially to the effect that the defendant's clerk assured him that the money would be returned to St. Louis, and that the plaintiff could with safety send other money to Welsh at Thayer, Missouri, and that the plaintiff acted on the suggestion. It is not disputed that the money was not returned from Ravenden, and that both packages were after-

wards delivered to and retained by Welsh. The plaintiff's cause of action, as stated in the complaint, was grounded not on a promise to return the money from Ravenden, but upon the assurance of the defendant's agent that it would be returned, and that the plaintiff *could safely send other money in its stead.* The instruction was drawn on this theory, and the testimony of Helman authorized it.

It appeared by the evidence that the defendant had no office at Ravenden, and that in such cases its contracts provided for the delivery of express matter to connecting carriers; that the money was delivered to the Southern Express Company at Springfield for the purpose of completing the transit to Ravenden, and that it was delivered to Welsh by the Southern Express Company on the twenty-seventh day of October, nineteen days after its delivery to the defendant in St. Louis. It also appeared that, about the thirtieth of October, Helman was informed by the defendant's agent that both packages had been delivered to Welsh, and the defendant's superintendent then informed him that they had no office either at Ravenden or Thayer, and that the money had been delivered to the Southern Express Company and by it delivered to Welsh. The superintendent denied the liability of the defendant, and referred Helman to the St. Louis manager of the Southern Express Company for further information. As a result of Helman's conference with the manager of the Southern Express Company the latter wrote to the manager of his company at Memphis, Tennessee, concerning the package, who in turn wrote to the local agent at Ravenden. The latter, under date of November eleventh, replied that the package had been received at his office on October tenth; that it was delivered to Welsh on the twenty-seventh, and that the only notice by the plaintiff to return the money was dated on

October twenty-sixth, and was received by him on the twenty-eighth, after he had delivered the money to Welsh. The agent also expressed in the letter doubt concerning the truth of the statement, that the defendant had ordered the package returned a few days after its shipment. Against the objections of the defendant this correspondence was read in evidence. We do not think that the letters were either competent or relevant. Whatever information Helman received from the manager of the Southern Express Company in reference to the package would have been competent evidence under the rule that, where a party refers another to a third person for information concerning the subject matter of controversy, the former is bound by the declarations or admissions of the party referred to within the scope of the reference. *Price v. Lederer*, 33 Mo. App. 426, 435; 1 Greenleaf on Evidence [12 Ed.] sec. 182. But upon what principle this rule can be applied to correspondence between other officers of the Southern Express Company we cannot conceive, although the correspondence may have been the result of the reference. We think, however, that the admission of the correspondence was non-prejudicial. As before stated, the plaintiff's cause of action was not predicated on the bare agreement to return the money, which, standing alone, would have been unenforceable for want of consideration, but upon the assurance, coupled with such promise, that it might send the other money with safety, acting upon which the plaintiff sustained the damages complained of.

We wish to add that the payment of the judgment herein by the defendant will operate as an assignment of plaintiff's claim against Welsh to the extent of the $60.21 paid to him by mistake.

The judgment will be affirmed. All the judges concur.