SWAFFORD BROTHERS DRY GOODS COMPANY, Respondent, v. CHAS. I. JACOBS *et al.*, Appellants.

Kansas City Court of Appeals, May 4, 1896.

1. Sales: RESCISSION FOR FRAUD: REPLEVIN. Where a sale is made on a reliance or upon false and fraudulent representations of solvency with an intent to obtain the property on credit and never to pay for it, the vendor may rescind the sale by prompt action, on discovery of the fraud, and institute replevin for the property, since the rescission revests the title and the vendor has the right of both property and possession.

2. ———: FRAUDULENT REPRESENTATIONS: REPLEVIN : FINDING. The contention of appellants as to an insufficient finding by the trial court as to the intention not to pay for the goods is not sustained, as instructions show that defendants confined themselves to the sufficiency of the mortgage.

3. **Replevin**: JUDGMENT : INTERMINGLED GOODS. Where a part of the goods replevined are identified and a part are so intermingled or secreted as to lose their identity, the plaintiff may recover in specie that part which he finds and damages for the part unfound.

4. **Fraudulent Conveyances**: BONA FIDE MORTGAGEE : ANTECEDENT DEBT. The owner of an antecedent debt who takes a mortgage on personal property fraudulently acquired by the debtor without extending the payment of his debt, is not an innocent purchaser as against the vendor of the fraudulently acquired goods.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*J. B. Hale* and *J. W. Sebree* for appellants.

(1) We insist that from the facts found in this case the equities as well as the law are in favor of the defendant. (2) On the finding of facts in this case, and the pleadings, the judgment should be for defendant. *Shoe Co. v. Bank*, 56 Mo. App. 662; *Cahn v. Reid*, 18 Mo. App. 115. (3) Assuming that the sale of goods was on credit, in order to avoid the sale as against a subsequent purchaser or mortgagee, it must appear that the purchaser never intended to pay for them, otherwise the title passes. *Bidault v. Wails & Sons*, 20 Mo. top page 546, 547, bottom page 345. *Thomas v. Freligh*, 9 Mo. App. 151; *Fox v. Webster*, 46 Mo. 182; *Manheimer v. Harrington*, 20 Mo. App. 300. (4) The mortgage taken by Wilcoxson & Company from Jacobs on the stock of goods provided that, if Jacobs failed to pay the debt at the end of thirty days, they could then proceed to sell the goods at public auction, and that in the meantime the goods should be sold in the ordinary course of business and the proceeds applied on the mortgage debt. This was an extension of time for the payment of the debt secured

by the mortgage and Wilcoxson & Company thereby became innocent purchasers. *Deere v. Marsden*, 88 Mo. top of page 514; *Crawford v. Spencer*, 92 Mo. 498. See, also, *Wine Co. v. Rinehart*, 42 Mo. App. 172, where the authorities are discussed by Judge Smith. *Noell v. Gaines*, 68 Mo. 649.

*Lozier & Morris* for respondents.

(1)   A·vendor may rescind the sale and retake his goods if the vendee knowingly makes false statements as to his financial worth or ability. *Hartt v. McNeil*, 47 Mo. 526; *Cahn v. Reid*, 18 Mo. App. 122; Bigelow on Fraud, p. 88, sec. 6.   Or when the vendee purchases goods with intent not to pay for them. *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 550; *Fox v. Webster*, 46 Mo. 151; *Thomas v. Freligh*, 9 Mo. App.151; *Manheimer·v. Harrington*, 20 Mo. App. 297.   And the vendee's knowledge of his insolvency and inability to pay for the property purchased is tantamount to an intention not to pay for it.   Thomp. Trials, sec. 1951; *Pulman v. Sartorious*, 29 Atl. Rep. 852.   (2)  One who takes property as collateral security for an antecedent indebtedness, without making any present advancement, or parting with any new consideration, is not a *bona fide* or innocent purchaser for value, as against a vendor from whom such property has been fraudulently obtained, and who elects to rescind the sale.   *Watson v. Printing Co.*, 56 Mo. App. 145; *Wine Co. v. Rinehart*, 42 Mo. App. 171; *Conrad v. Fisher*, 37 Mo. App. 352; *Dymock v. Railroad*, 54 Mo. App. 407; *Goodman v. Simonds*, 19 Mo. 106, 117, 118; *Vogelsany's Adm'r v. Fisher*, 128 Mo. 386; *Skilling v. Bollman*, 73 Mo. 670, 671, and cases cited; *Davis v. Carson*, 69 Mo. 609; *Logan v. Smith*, 62 Mo. 458; *Aubuchon v. Bender*, 44

Mo. 560; *Ferry v. Heinman*, 1 Mo. App. 123, 124; *Brainard v. Reavis*, 2 Mo. App. 490, 493; *Bank v. Bates*, 120 U. S. 556; Colebrooke on Collateral Securities, sec. 25; Pomeroy's Equity Jurisprudence [2 Ed.], secs. 391, 749.   (3)   Where a sale has been induced by fraudulent representations, and the vendor upon discovering the fraud elects to rescind the sale, the title to the property immediately revests in him, with the consequent right of possession, and he may maintain replevin therefor. *Cahn v. Reid*, 18 Mo. App. 115, and cases cited.   Wells on Replevin, secs. 318, 320, 366, and cases cited; Benjamin on Sales [3 Am. Ed.], secs. 433, 434, and cases cited.   (4)   The party from whom goods have been fraudulently obtained may sue in replevin for all, and if part of the goods are not accessible in specie he may recover their value in the same action. *Funk v. Funk*, 35 Mo. App. 246, and cases cited; *Gilliard v. McClure*, 2 Mo. App. Rep. 1042; *Moran v. Plankington*, 64 Mo. 337; *Payne v. Weems*, 36 Mo. App. 57; *Railroad v. Fraube*, 59 Mo. 355; *Hickman v. Dill*, 32 Mo. App. 509; *Boutelle v. Warne*, 62 Mo. 350; *Lewis v. Mason*, 94 Mo. 551; *Dougherty v. Cooper*, 77 Mo. 528; *Dillworth v. McKeldy*, 30 Mo. 149; *Dodd–Brown & Co. v. Wilson*, 26 Mo. App. 462; *Gregory v. Tavenner*, 38 Mo. App. 627; *Baldridge v. Dawson*, 39 Mo. App. 527.   (5)   Appellant's contention that the finding of facts does not show affirmatively that the goods were sold on credit, is not well taken.

ELLISON, J.—This is an action of replevin for a lot of merchandise which plaintiffs had sold and delivered to defendant Jacobs.   The goods were taken from the defendant banking company, who were in possession as mortgagee.   The judgment in the circuit court was for plaintiff.

The facts were that plaintiff sold and delivered the goods to defendant Jacobs, on credit, in reliance on the truth of his false and fraudulent representation that he was solvent and abundantly able to pay for them. That Jacobs made the representation for the purpose of getting the goods on credit, but intending at the time not to pay for them. Within a few days after he got possession of the goods, he gave to defendant banking company a chattel mortgage on his general stock of merchandise, including the goods purchased of plaintiff, to secure an antecedent debt, the banking company taking immediate possession thereof. The banking company had no knowledge of the fraud practiced on plaintiff by Jacobs. As soon as plaintiff discovered the fraud of Jacobs, they immediately elected to rescind the sale and so notified the defendants.

An examination of the record has satisfied us that the judgment in the trial court must be affirmed. False and fraudulent representations of solvency by an insolvent, made with intent to obtain property on credit, and with an intention at the time of never paying for it, the sale being made in reliance on the fraudulent representations, gives to the party defrauded a right to rescind the sale and recover back the property. *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 550; *Fox v. Webster*, 46 Mo. 181. If the election to rescind is made promptly upon a discovery of the fraud, the party defrauded may institute replevin. The rescission of the contract revests the title to the property in the party defrauded, and he having both right of property and right of possession, may recover in replevin. *Cahn v. Reid*, 18 Mo. App. 115. Here the court found that the defendant Jacobs was hopelessly insolvent, and that he knew he was in that condition; that he made to plaintiffs false and fraudulent

representations of solvency, with the intent and design to induce them to make the sale to him on credit, intending never to pay for the goods; and that plaintiff was thereby induced to make the sale and part with possession, in reliance on the truth of the representations; and that plaintiff, on discovering the fraud, immediately elected to rescind.

But it is claimed by defendants that the court did not find that the goods were sold on credit, or that Jacobs never intended to pay for them. In our opinion, the record conclusively shows that the goods were sold to Jacobs on credit. There is no special form of words needed to show this fact, and as the record stands, there could be but one opinion as to the fact of the sale being on credit. The finding as to Jacobs' intention never to pay for the goods, was that Jacobs committed the fraud by the false representations, etc., "to induce plaintiff to sell said goods and part with the possession thereof, *intending not to pay for such goods.*" It would have been, perhaps, more satisfactory, if the wording of the finding had been that he intended at the time never to pay for the property. But the record preserved shows that no point was made on the insufficiency of this finding. Indeed, the declarations of law which are preserved show that defendants confined themselves to the issues made over the sufficiency of the banking company's mortgage, to give that defendant the better right to the property. Under these circumstances, we rule the point against defendants.

Another objection urged against the judgment is that there was only a part of the property identified and that the value of the unidentified portion was ascertained and a money judgment given for the amount. It seems that the goods sold to Jacobs amounted to $197.71; that of these there was taken

under the replevin writ the invoice value of $147.71; but that the remaining goods, of the value of $49.98, had been so intermingled with other goods in the general stock, as to be beyond identification. We approve of the judgment of the trial court in this respect. It is sustained by the case of *Funk v. Funk*, 35 Mo. App. 246.

If one institute replevin for a lot of personal property to which he is entitled, and which is wrongfully withheld from him, and the defendant secretes a part of the property, or destroys it, the plaintiff may recover in specie that part which he finds, and damages for that part which, through the fault of the defendant, can not be found. Cobbey on Replevin, secs. 867, 868. The defendant here has so handled a portion of this property as to destroy it, so far as plaintiffs' interests are concerned. Defendant has put it beyond recovery, and for that portion the judgment in replevin may compensate the owner by allowing him the value.

. But it is suggested that the action of replevin is only consistent with a disaffirmance of the contract of sale; and that the recovery of the value is in the nature of damages and is based on an affirmance of the contract. We held in the case of *Cahn v. Reid*, 18 Mo. App. 115, that the party defrauded had a choice of remedies, either to rescind and recover back the property, or to affirm the sale and sue for damages. There is nothing in this case inconsistent with that position. Here the plaintiffs elected to rescind and recover back the property. On that election the title to the property, in effect reverted back to them. They rightfully instituted the replevin and the award of the value of the goods results, not from an election to affirm the contract of sale, but from the wrongful act of defendants, or one of them, in mixing the goods so that they could not be identified. It was but entering a judg-

ment in replevin, which may properly be entered in that action, when a portion of the property can not be found. We rule this point likewise against defendant.

It is next objected that as the banking company was an innocent mortgagee for a *bona fide* debt, without knowledge of the fraud committed by Jacobs, it should be protected in its mortgage. But the facts were that the debt owing by Jacobs to the banking company was an antecedent debt and that the mortgage was taken to secure it, without any additional consideration. When such is the case, the claim of innocent purchaser can not be made, since the mortgagee has not changed its situation, or altered its position, and is in no worse condition than before taking the mortgage. *Napa Valley Wine Co. v. Rhinehart*, 42 Mo. App. 171; *Watson v. Woody*, 56 Mo. App. 145. Defendant claims that there was the consideration of forbearance for thirty days, in taking the mortgage from Jacobs. The claim is not borne out by the facts. The debt secured was past due and there was no extension of time agreed upon, or expressed in the mortgage. It merely provided that in case of default of payment, the mortgagee could take possession (the mortgagee had possession) and proceed, *without notice, or delay*, to sell the same at private sale for thirty days, and at the end of such thirty days, all remaining unsold should be sold at auction, after giving ten days' notice. There was no agreement for forbearance. The debt might have been sued for at any moment, since it was past due. The thirty days' provision was merely limiting the time when private sales should cease and an auction begin, and the ten day provision was only a notice of the auction of the goods remaining. It was a mode of procedure in foreclosing, but the debt was due of course

VOL. 66 app—24

before the foreclosure could begin, and the foreclosure proceedings could have been begun *at any time* after giving the mortgage.

Counsel for defendants have cited us to a number of authorities to be found in their brief, to which we have not referred in the course of this opinion. We have, however, examined them, and consider that they do not militate against the views we have advanced herein.

We are satisfied that no sufficient cause exists which would justify us in overturning the judgment, and it is affirmed. All concur.