REID, MURDOCK & COMPANY, Appellants, v. LEVY LLOYD, Respondent.

Kansas City Court of Appeals, November 23, 1896.

1. **Sales**: INTENTION NOT TO PAY: INSTRUCTIONS. Intention on the part of vendee not to pay for goods at the time of the purchase is the same thing as a preconceived design not to so pay, and instructions containing these two terms are not contradictory.

2. ———: INSOLVENCY: INTENTION NOT TO PAY: RESCISSION. The mere fact of insolvency at the time of the purchase does not warrant rescission of the sale. There must be intention never to pay, and, when the vendee's business at such time is hopelessly swamped, his intention should be left to the jury.

3. ———: INTENTION NOT TO PAY: KNOWLEDGE. Knowledge by the vendee that he will not be able to pay is the same as an intention not to pay, and this constitutes the vitiating fraud which authorizes a rescission.

VOL. 67 app—33

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Frank Sheetz* and *Scott J. Miller* for appellants.

(1) Instructions 1 and 6 on behalf of defendant are erroneous, and conflict with 1 and 2 given for plaintiffs. Both can not be the law. *Elsass v. Harrington,* 28 Mo. App. 300; *Price v. Lederer,* 33 Mo. App. 426; *Leedom v. Ward,* 38 Mo. App. 425; *Reid v. Loyd,* 52 Mo. App. 278; *Strauss v. Hirsch,* 63 Mo. App. 110. (2) Instruction 3, on behalf of defendant, is erroneous, and conflicts with number 2 on behalf of plaintiffs. Both can not be the law. *Elsass v. Harrington,* 28 Mo. App. 304; *Strauss v. Hirsch,* 63 Mo. App. 110.

*Lewis A. Chapman* for respondent.

(1) Appellants claim that instructions numbers 1 and 6 given on behalf of the defendant were not the law. These instructions declare the law correctly. They announce the same doctrine as number 1 given on behalf of the appellants. The same law is announced in all of them. *Bidault v. Wales,* 19 Mo. 36; *Clark v. Middleton,* 19 Mo. 55; *Rowley v. Bigelow,* 12 Pick. (Mass.) 306; *Bidault v. Wales,* 20 Mo. 546; *Fox v. Webster,* 46 Mo. 182, 185; *Ash v. Putnam,* 1 Hill (N.Y.), 302; *Starch Factory v. Lendrum,* 42 Am. Rep. 53–57; *Hennequin v. Naylor,* 24 N. Y. 139, 141; *Hall v. Naylor,* 18 N. Y. 590. (2) Instruction number 3, given on behalf of the defendant, is the law, and appellants have no reason to complain of it. *Bidault v. Wales,* 19 Mo. 36; *Bidault v. Wales,* 20 Mo. 546, 550; *Clark v. Middleton,* 19 Mo. 53; *Nichols v. Michael,* 23 N. Y. 266; *Fox v. Webster,* 46 Mo. 182, 185; *Nichols v. Pinner,* 18

N. Y. 295, 299; *Hall v. Naylor,* 18 N. Y. 590; *Hennequin v. Naylor,* 24 N. Y. 139, 141; *Talcott v. Henderson,* 27 Am. Rep. 501; *Dow v. Sanborn,* 3 Allen (Mass.), 182; *Stewart v. Emerson,* 52 N. H. 301; *Elsass v. Harrington,* 28 Mo. App. 303; *Price v. Lederer,* 33 Mo. App. 436, 437; *Leedom v. Carpet Co.,* 38 Mo. App. 425. (3) The mere fact that the purchaser is insolvent at the time he orders goods, which are sold to him on credit, does not entitle the vendor to rescind the sale. The purchaser must intend never to pay for them. *Elsass v. Harrington,* 28 Mo. App. 303; *Leedom v. Carpet Co.,* 38 Mo. App. 432; *Thomas v. Freligh,* 9 Mo. App. 154; *Reid v. Lloyd,* 52 Mo. App. 283.

SMITH, P. J.—This is an action of replevin brought by the plaintiffs to recover certain specified articles of merchandise claimed by them to have been sold to Marr & Shelton, who were, at the time of such purchases, insolvent and did not intend to pay for the same. The plaintiffs further claim that the defendant, at the time of his purchase of the stock of goods of Marr & Shelton, had knowledge of the fraud of the latter in making the purchase of them of the articles of merchandise in dispute.

There was a trial in the circuit court, resulting in judgment for defendant, from which plaintiffs have appealed.

The defendant contends that there is an irreconcilable conflict between plaintiffs' instructions 1 and 2, which, in substance, declared that if Marr & Shelton, *at the time of the purchase of the goods in controversy, did not intend to pay for them, or if they knew they would not be* able to pay therefor, the verdict should be for plaintiffs and 1 and 6, given for defendant, which declare that unless *said goods were* purchased by Marr & Shelton with a preconceived design not to pay for

them, or unless Marr & Shelton purchased said goods with an intent not to pay for them, the verdict should be for defendant, etc.

No such conflict is perceived in the enunciation of these instructions as the defendant suggests. An "intention" on the part of the vendees not to pay the vendors therefor at the time of the purchase is the same thing as "a preconceived design" not to so pay. The expressions employed in the instructions of both plaintiffs and defendant are of equivalent meaning. The plaintiffs' criticism is, it seems to us, exceedingly hypercritical.

The plaintiffs further object that the defendant's third instruction, which declares "that a party who purchases goods on a credit, even if he knew he was largely indebted and unable to pay for them, is not guilty of such fraud as will avoid the sale where he had no preconceived design to pay for them." The mere fact that a vendee is insolvent at the time he orders the goods which are sold to him on credit, does not entitle the vendor to rescission of the sale. The vendee must intend never to pay for them. And when the vendee makes purchases shortly before failure, and at a time when his business is hopelessly swamped, it must be left to the jury in an action of this kind to say whether he intended to pay for the goods, and to infer from all the surrounding circumstances reflected by the evidence, whether or not the vendee, at the time of the purchase, intended to pay for the goods.

A knowledge on the part of the vendee, at the time of the purchase, that he will not be able to pay for the goods, is the same thing as an intent then existing not to pay for them. *Strauss v. Hirsch*, 63 Mo. App. 95; *Elsass v. Harrington*, 28 Mo. App. 300; *Price v. Lederer*, 33 Mo. App. 436; *Leedom v. Ward*, 38 Mo. App. 433; *Swofford Dry Goods Co. v. Jacobs*, 66 Mo. App. 362.

The fact that the vendee knew that he was unable to pay for the goods, when the same were ordered, is not equal to an intent not to pay for them. It is the knowledge *that he will not be able to pay for them*, which is the same thing as if he had intended, at the time he made the purchase, not to pay for them, that constitutes the vitiating fraud which authorizes a rescission by the vendor.

The said last referred to instruction is no more than a mere harmless abstraction, and whether strictly accurate or not, it is not necessary for us to decide, since it in nowise injuriously affected the plaintiffs. Perceiving in the record no error prejudicial to plaintiffs, the judgment of the circuit court must be affirmed. All concur.