MISSOURI LOAN & INVESTMENT COMPANY,
    Respondent, v. FEDERAL TRUST COMPANY
    OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. **APPELLATE PRACTICE: Supreme Court: Controlling Deci-
sions.** Under Sec. 6 of the Amendment of 1884 to Art. VI of
the Constitution, the latest decision of the Supreme Court is
controlling on the Courts of Appeals.

2. **FRAUD AND DECEIT: Rescission: Misrepresentations Re-
specting Future Action.** A misrepresentation, to be actionable
as a fraud, must be with reference to existing facts, and hence
a contract cannot be rescinded on the ground of a fraudulent
misrepresentation arising from the breach of a promise as to
future action, although, at the time he made the promise, the
promisor did not intend to fulfill it; following Younger v.
Hoge, 211 Mo. 444.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED.

*Jamison & Thomas* for appellant.

A representation, to constitute fraud, must relate to a past or existing fact, and a promise or statement of intention, inducing a contract, though made with the intent to deceive, will not be ground for a rescission thereof. Wade v. Ringo, 122 Mo. 322; Estes v. Shoe Co., 155 Mo. 577; Younger v. Hoge, 211 Mo. 444; Funding & F. Co. v. Heskett, 125 Mo. App. 531; Terry v. Ins. Co., 3 Mo. App. 595; Matthews v. Eby, 149 Mo. App. 157; 2 Pomeroy on Eq. Jur., sec. 877; 14 Am. & Eng. Ency. of Law (2 Ed.), p. 47; Knowlton v. Keenan, 146 Mass. 86; Wiegand v. Cannon, 118 Ill. App. 635; Clark Co. v. Rice, 106 N. W. 231; Miller v. Sutliff, 241 Ill. 521.

*J. L. Fort* for respondents.

Ordinarily false promises are not fraudulent, or evidence of fraud, and only false representations of past or existing facts are actionable or can be made the ground of defense; but when a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end and the victim has a remedy by action or defense. 14 Am. & Eng. Ency. Law (2 Ed.), 50-53; Chicago v. Teterington, 19 S. W. 472; White v. White, 95 S. W. 733; Carter v. Company, 101 S. W. 526; Rapid, etc., v. Smith, 86 S. W. 323; St. Louis v. Burgess, 50 S. W. 486; Touchstone v. Staggs, 39 S. W. 89.

NORTONI, J.—This is a suit in equity wherein the cancellation of a contract is sought on the grounds of fraud and deceit in its inducement. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

Plaintiffs are copartners, engaged in conducting a farm loan business under the firm name of the Missouri Loan & Investment Company. Defendant is a trust company, incorporated under the laws of Missouri. It appears that, immediately after defendant was incorporated and while it was yet placing its capital stock throughout the State, an agent for it, possessing full authority in that behalf, called upon plaintiffs and negotiated a sale of ten shares of its capital stock to them. The stock was sold to plaintiffs by defendant through its agent at $150 per share—that is, for a total sum of $1500 for the ten shares. Plaintiffs paid defendant $500 cash on account of the transaction at the time, and executed their four promissory notes of $250 each for the balance of the purchase money. A few weeks thereafter, they paid defendant the amount of two of the notes so executed, and later instituted this suit to cancel the contract of purchase and likewise the two promissory notes yet unpaid and to recover as well the amount theretofore paid on the stock and in liquidation of the notes. The cancellation is sought on the grounds of fraud and deceit, in that defendant, through its agent, promised at the time plaintiffs purchased the stock, to commence thirty days thereafter and furnish them all the money they desired to loan on real estate in Dunklin county at six per cent interest; in no case, however, should the loan exceed fifty per cent of the value of the real estate offered as security. It is averred that defendant promised this as an inducement for plaintiffs to purchase the stock; that they relied upon such promise and were thus induced to subscribe for the stock in defendant corporation and make the payment and execute their notes therefor; and that plaintiffs were deceived and defrauded thereby, in that defendant did not intend to keep the promise when made and has since repudiated it.

Plaintiffs, copartners, are engaged in negotiating loans in Dunklin county for others on commission.

Upon receiving an application for a loan on real estate, they procure the money from some person desiring to invest in such security, examine the title to the land and cause the papers, etc., to be executed, for all of which a commission is exacted from and paid to them by the borrower. Of course, to successfully conduct a business of this character, it is essential to have money available at a reasonable rate of interest with which to consummate the proffered loans. Defendant's agent called upon plaintiffs and induced them to purchase the ten shares of stock involved here, at $1500.

The evidence tends to prove, and the court so found the fact to be, that defendant's agent, in order to induce plaintiffs to purchase the stock, make the cash payment thereon and execute the notes therefor, promised that the defendant trust company would furnish them all of the money required to take care of such real estate loans as they might procure at six per cent interest, but in no case to loan more than fifty per cent of the value of the land offered as security. While such agreement appears to have been made, it appears conclusively, too, that defendant's agent represented to plaintiffs it was not then prepared to take care of the farm loan business but would do so after thirty days from that date if plaintiffs would purchase the stock as above stated. More than thirty days afterward, and subsequently, plaintiffs submitted to defendant a number of good farm loans and applied for the money to consummate them in accordance with this agreement, but defendant rejected them in each instance. Finally, defendant asserted it had failed to make proper connections with eastern financial concerns and therefore would not abide its agreement to furnish plaintiffs money for the loans contemplated. No other misrepresentation of fact is revealed in the case and it therefore appears the ground for the relief relied upon relates

alone to the breach of the promise so made concurrently with the contract sought to be rescinded.

There is evidence tending to prove, when the facts and circumstances attending the transaction are all considered together, that defendant did not intend to keep this promise at the time it was made. The court found the issue for plaintiffs and decreed the relief prayed for, on the theory that this promise so made in bad faith on the part of defendant as an inducement to the purchase vitiated the contract in its entirety, in that defendant did not intend to keep and comply with its terms. From the special finding of fact made by the court in compliance with defendant's request under the statute, it appears the judgment is predicated solely on the proposition so stated. Touching this matter the court found, "That the sole consideration and inducement to plaintiffs was the promise and agreement stated above. That plaintiffs were deceived by said representations and promises on the part of defendant. That said representations were not made in good faith, but were so made as a device to induce plaintiffs to enter into said contract of subscription."

It is conceded that no misrepresentation of a past or existing fact appears in the case, but it is argued that, as it appears the promise was made merely as a means of deceiving plaintiffs and with no intention to perform, it will support an action of deceit as for the cancellation of the contract so induced. [See 20 Cyc. 22.] There can be no doubt that such is the rule of decision in many jurisdictions, but not in all. Indeed, many of the courts repudiate the doctrine thus invoked entirely and adhere to the rule that, unless the misrepresentation pertains to a past or existing fact, no right to relief whatever obtains. [See 14 Am. & Eng. Ency. Law (2 Ed.), 50, 51, 52; 20 Cyc. 20, 21, 22.] But the principle invoked here has been frequently applied and enforced by the courts of this State where the rescission sought is of a contract for goods purchased by an in-

solvent who, at the time he promised to pay therefor, intended not to do so. We believe on this question the authorities quite generally support the right to relief where such bad faith appears in the matter of purchasing goods by an insolvent. [See Bidault v. Wales & Sons, 20 Mo. 546; Fox et al. v. Webster, 46 Mo. 181; Elsass v. Harrington, 28 Mo. App. 300; Reid & Co. v. Lloyd, 67 Mo. App. 513; 14 Am. & Eng. Ency. Law (2 Ed.), 51.] .If the principle thus stated is available as a ground of relief in such cases, we are at a loss to understand why it should not be equally so here. There can be no doubt that it is salutary and just in its proper application in every instance, and we are unable to perceive why it should not obtain with respect to cases of the character of this one. When it is remembered that the promisor impliedly represents that he intends to perform his promise and therefore falsely represents the condition of his mind at that time, it would seem that such should be regarded as the representation of a then existing fact concerning his mental attitude. In this view, the principle should find application alike in cases of rescission, without regard to the matter of the insolvency of the purchaser. It would seem that, if it is a fraud to purchase goods on a promise to pay for them, when there is an intent not to pay, it is a fraud, too, to induce a man to part with his property by means of other promises made with a then present intent not to perform them. For a highly intelligent discussion and application of the doctrine, see Ayres v. French, 41 Conn. 142; 14 Am. & Eng. Ency. Law (2 Ed.), 53.

But be this as it may, the question is concluded here by a controlling decision of the Supreme Court which, according to the constitutional mandate, is the rule of decision with us. The doctrine of our Supreme Court, according to its latest decision, is that which prevails in many of the States, and proceeds according to the view that a representation to amount to fraud must

assert a fact or facts as existing, and cannot relate to the future. If it does, it is not fraud, whatever may be the intention of the party or the effect of his statement. [14 Am. & Eng. Ency. Law (2 Ed.), 53; 20 Cyc. 20, 21.] It is said in a leading case which was ruled by the Illinois court in this view that, "If an intention not to perform constituted fraud, every transaction might be avoided where the facts justified an inference that a party did not intend to pay the consideration or keep his agreement." [See Miller v. Sutliff, 241 Ill. 521, 89 N. E. 651, 24 L. R. A. (N. S.) 735.] Such seems to be the judicial thought which controls in those courts where that doctrine is adhered to. Obviously, our Supreme Court entertains that view in those cases not involving the fact of insolvency, for it but recently declared that the right of rescission of a contract in equity could not be predicated on a misrepresentation involved in the breach of a promise as to a future performance, though the promisor intended at the time the promise was made not to keep the faith it implied. Touching this question the court said:

"One reading the plaintiff's testimony is impressed with the idea that his main grievance is that he was not given the position of secretary and treasurer at a salary of $100 a month. Assuming that the evidence proved that such promise was made, it would not justify a rescission of the contract on the theory of misrepresentation. A promise, though made without intention to fulfill, is not a misrepresentation of an existing fact." [See Younger v. Hoge, 211 Mo. 444, 455, 456, 111 S. W. 20.]

The authority quoted is directly in point and controlling here under the express mandate of our Constitution, for it appears to be the latest decision of that court on the question. Therefore, though it be, as the court found, that defendant made the promise in bad faith and intended at the time not to keep it, no ground

for cancellation of the contract appears. This being true, the judgment should be reversed. It is so or-- dered. *Allen, J.*, concurs. *Reynolds, P. J.*, concurs in the result only.