JOHN R. CHRISTIAN, Appellant, v. W. A. WIGHT, Respondent.

**Kansas City Court of Appeals, November 9, 1885.**

1. INSTRUCTION NOT BASED ON EVIDENCE.—An instruction is properly refused when there is no evidence to support it and, therefore, nothing upon which to base it.

2. PRACTICE—BILL OF EXCEPTIONS.—When a bill of exceptions is made a part of the record, as provided by law, this court will accept it as absolute verity.

APPEAL from Moberly Court of Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Affirmed.*

Statement of case by the court.

This is a suit on *quantum meruit,* for services rendered defendant by plaintiff as an attorney in a certain will case, in the determination of which defendant was interested. Defendant had attorneys already in charge of his case, but desiring local counsel at the place of trial, he authorized one of his attorneys to employ plaintiff. That attorney's uncontradicted evidence is as follows:

"I suggested to Wight that we had better get Christian in the case. He replied that he thought he had lawyers enough, but would pay thirty or thirty-five dollars on his fee and that he would not pay any more. I told him I did not think we could get him for that.

"I told Christian what had passed between Wight and myself about the matter. He said he would not accept the offer, and asked one hundred dollars as a fee. I replied to Christian I did not think Wight would pay that much. I then told him that we, Priest and myself, wanted him. He replied that was a different matter, that if we wanted him he would go into the case, and he did go into the case with us, and rendered services at the

trial on Wight's side of the case, as one of the attorneys. This was all that passed between the parties on the subject, so far as I can remember.

"I told Christian, Wight was willing to allow him thirty or forty dollars. Said he would not work for that."

There was evidence in the cause showing plaintiff's services were reasonably worth three hundred dollars, the amount sued for. And that he has been paid fifty dollars by defendant's attorneys who engaged him; thirty dollars of which was paid them for that purpose by defendant.

The court instructed the jury as follows for the plaintiff, to-wit:

"1. If the jury find from the evidence that defendant, Wight, authorized W. A. Martin to employ John R. Christian to assist in selecting the jury in the case, as stated, and that Christian agreed to do the work for one hundred dollars, and Martin told him that he was wanted in the case, the jury must find for the plaintiff for the one hundred dollars, less any amount he has been paid, if anything, notwithstanding Wight did not authorize Martin to pay the one hundred dollars, unless Christian knew that Wight had only agreed to pay a less sum."

"2. The court instructs the jury that if they believe from the evidence in this case, that the plaintiff rendered the services for the defendant, set forth in plaintiff's petition, and that the defendant knew that the plaintiff rendered said services, and accepted the same; that is, that defendant did not object to the said services being rendered, then the jury will find for the plaintiff whatever sum, not to exceed three hundred dollars, that they may believe from the evidence his services were worth, unless they further find that the plaintiff and defendant had a special contract relative thereto."

"3. That the jury in fixing a reasonable value of plaintiff's services, are to be governed solely and alone by the testimony introduced in this trial."

And refused the following:

"4. If Martin, as agent of Wight, employed Christian, and did not tell Christian that Wight had limited him in the amount he was to pay, then plaintiff is entitled to recover the contract price from Wight, less any amount he may have been paid, provided there was a contract."

"5. If Christian said he would not act for Wight, in selecting a jury, for less than one hundred dollars, and Martin said they wanted him, and he did the services as required, he is entitled to a judgment for said sum, less any amount he has been paid."

The court gave for defendant the following:

"1. If the jury find from the evidence that defendant instructed Martin & Priest, to employ plaintiff on condition that defendant should not be liable for more than a certain amount, and if at the time plaintiff was engaged he was informed by said Martin & Priest that plaintiff would not pay on his fee more than the said amount, and if there was no other or different employment of plaintiff by defendant, or contract, then defendant is not bound to pay more than the said amount which he so instructed said Martin & Priest to agree to pay, and if the jury so find, and further find, that before the commencement of this suit defendant paid said sum to plaintiff, through Martin & Priest, then the jury should find for the defendant."

"2. Although the jury may find from the evidence that plaintiff did render, and defendant accept, the services as stated in plaintiff's petition, yet if defendant accepted them with the understanding on his part that said services were rendered under an agreement made with plaintiff by Martin & Priest, by which defendant was not to pay more than a certain sum for said services, then the fact that defendant did accept and receive said services, did not make him liable to pay more than the said amount fixed by said agreement."

The verdict was for defendant and plaintiff appeals.

Thoroughman, Christian & Priest, and L. B. Rogers, for the appellant.

I. There is no evidence to support the verdict, and the motion for a new trial should have been granted. *Hearne v. Keith*, 63 Mo. 84; *Robinson v. Musser*, 79 Mo. 153; *Hacker v. Brown*, 81 Mo. 68.

II. There was no contract, and as defendant got the benefit of plaintiff's services, it was a ratification, and he is liable; if there was any negligence it was on the part of defendant. *Norton v. Bell*, 43 Mo. 113; *Holmes v. Board Trade Kansas City*, 81 Mo. 137.

III. The statements made by Wight, as to what Martin told him, ought not to have been admitted. *O' Neill v. Crain*, 67 Mo. 250; *McLean v. Rutherford*, 8 Mo. 109.

IV. The fourth and fifth instructions of plaintiff are the law and ought to have been given.

V. *On rehearing.* This suit is on a *quantum meruit*. Defendant admits the services and pleads a special contract and payment. While a special contract remains executory the plaintiff must sue upon it. When it has been fully executed according to its terms and nothing remains to be done but payment of the price, he may sue on the contract or *indebitalus assumpsit*, and rely on the common courts. In either case the contract will determine the rights of the parties. *Mansur v. Botts*, 80 Mo. 651.

Porter & Waller, for the respondent.

The case was submitted to the jury under proper instructions, which should put a final *quietus* to the matter. *Holmes v. Board of Trade Kansas City*, 81 Mo. 137; Ewell & Evans on Agency, 134–140, note 1.

Ellison, J.—The best we can gather from the testimony in this case, there was no error on the part of the court in giving or refusing instructions. Numbers four and five were properly refused if for no other reason

than that of there being no evidence to support either of them. Number four states that if Martin "did not tell Christian that Wight had limited him in the amount he was to pay," etc., whereas the uncontradicted evidence of Martin is that "I told Christian what had passed between Wight and myself about the matters."

There is not a particle of evidence before us that plaintiff ever said he would not act for Wight in selecting a jury, for less than one hundred dollars, and, therefore, there is nothing upon which to base number five.

In this respect plaintiff complains that the bill of exceptions does not contain the evidence as presented at the trial. We cannot entertain a suggestion of this sort. The bill was made a part of the record as provided by law, and is regularly before us. We accept it as absolute verity.

The second instruction given for defendant is attacked with much earnestness by plaintiff. But an examination of it in connection with the testimony back of it, satisfies us that the court's action was justifiable in that regard.

There was an evident purpose to hold defendant, though there was no express contract, by reason of his having accepted the benefit of plaintiff's services without objection. Plaintiff's instruction number two shows this. Defendant had directed Martin not to agree to pay more than thirty dollars, and *Martin communicated this to plaintiff*, and plaintiff refuses to accept such employment. Martin then says to him we, *i. e.*, Martin & Priest, want you anyhow; plaintiff replies that this is another matter, that if they wanted him, he would go into the case.

Now go to the length of charging defendant with knowledge of all that passed between plaintiff and his agent Martin, and what do we find? Why, plainly, that he refused employment under the conditions prescribed by defendant, refused to contract with him, but on learning that Martin & Priest wanted him to enter the case, he replies "that was a different matter, that if we

'(they) 'wanted him he would go into the case.'' The most that can be said in favor of plaintiff from this conversation is, that he at first refused the offer, because the fee was too small, but on learning it was the desire of the attorneys to have him in the case, 'he with that spirit common to lawyers of good standing, and with a kindly and accommodating feeling for two of his professional brethren in the emergency of an approaching trial, concludes, for that reason, to engage to do service he otherwise would have refused.

Under these circumstances defendant sees plaintiff perform services for him and does not object.

If he had stood by and heard every word uttered between Martin and plaintiff the only rational conclusion he could have drawn would have been that, while plaintiff at first refused to accept employment for the fee mentioned, yet on learning that the other attorneys wanted him, he yielded and accepted that he would otherwise have rejected.

It was but fair to defendant's theory of the case to give the instruction ; it was proper to do so. It would have been error under the evidence to have refused it.

The judgment is affirmed.   All concur.