James M. Wells, Appellant, v. Thomas Lea, Respondent.

Kansas City Court of Appeals, January 25, 1886.

1. Practice—Bill of Exceptions—Instructions—Case Adjudged. Where the court instructed the jury that there was no evidence sustaining the averments of the plaintiff's petition, and directed a

verdict for the defendant; and the bill of exceptions expressly states that plaintiff " offered evidence tending to prove the issues on his part." Such being the evidence, the court should not have instructed the jury peremptorily.

2. ——— BILL OF EXCEPTIONS—HOW TREATED.—The record, as brought into this court, will be accepted as absolute verity. *Christian v. Wight,* 19 Mo. App. 165.

APPEAL from Putnam Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

A. W. MULLINS, with A. D. CHRISTY, for the appellant.

I. The court erred in directing that there was no evidence that *defendant* assaulted plaintiff's wife. It left out of view an assault by another who was acting at his instigation.

II. Defendant's *second* instruction was wrong, because defendant did not set up any matters in justification in his answer. "Justification must always be specially pleaded." 2 Greenl. Evid. (14 Ed.) sect. 92; 1 Chitty Plead. (14 Am. Ed.) 501; *Daily v. Houston,* 58 Mo. 361.

III. Plaintiff's instruction numbered *three* should have been given. Defendant was a joint wrong-doer with another, and in such case was a principal, also. Cooley on Torts, 127; 1 Suth. Dam. 211; *Murphy v. Wilson,* 44 Mo. 313.

HUGH MARSHALL and S. P. HUSTON, for the respondent.

I. The court did not err in giving defendant's *second* and in refusing plaintiff's *fourth* instruction. Under a general denial anything is admissible that goes to show that a cause of action *never existed.* If a cause of action *once existed,* which has been determined by

some matter *subsequently* occurring, it must be pleaded. *Greenway v. James*, 34 Mo. 326; *Kersey v. Garton*, 77 Mo. 647; *Nichols v. Winfrey*, 79 Mo. 544.

II.  In construing the record, all parts must be considered equally authoritative. Error is not to be presumed, but all presumptions are in favor of the judgment. There *was* no evidence on the second count. *Ins. Co. v. Cohen*, 9 Mo. 416.

ELLISON, J.—This is an action for damages for assault and battery. The petition contained two counts, the first charging that the defendant and one Sarah Morris (since intermarried with defendant) assaulted, beat, cut, and bruised the plaintiff. The second charging defendant and said Sarah Morris with assaulting, beating, and bruising plaintiff's wife, whereby she was disabled, and he lost her service for a long space of time. The answer was a general denial, with the exception of admitting plaintiff and Alice M. Wells were husband and wife.

The evidence offered on the trial, as preserved and set forth in the bill of exceptions, was as follows :

"The plaintiff, to sustain the issues on his part, offered evidence tending to prove the issues on his part ; and the defendant offered (evidence) tending to disprove the same. And the defendant, to further sustain the issues and disprove the evidence offered by plaintiff, on his part offered evidence to show that Sarah Morris was his servant in his employ at work for defendant, and that plaintiff and his wife, in his presence, assaulted and beat her ; and that he then, to protect the said Sarah Morris from further abuse, struck plaintiff with his fist, using no more violence than was necessary to prevent further injury to said Morris. This, the defendant testified to without objection by plaintiff, who thereupon offered evidence tending to disprove defendant's evidence."

The court instructed the jury that there was no evidence of any assault or battery on plaintiff's wife and that the jury should, therefore, return a verdict. for the defendant on the second count in the petition.

The bill of exceptions is in compliance with the rule of the supreme court, to which this case was appealed, and it will be seen it expressly states that plaintiff "offered evidence tending to prove the issues on his part."

Among "the issues on his part," was the charge in the second count, that the defendant assaulted, beat and bruised his wife, so that he lost her service. Such being the evidence, the court should not have instructed the jury peremptorily. Counsel for respondent state in their brief that there was not, in fact, any evidence against defendant on the second count; we must, however, accept the record as absolute verity. *Christian v. Wight*, 19 Mo. App. 165.

The judgment is reversed and the cause is remanded. The other judges concur.