GRATON & KNIGHT MANUFACTURING COMPANY, Respondent, v. HENRY TROLL, Sheriff of the City of St. Louis, Appellant.

St. Louis Court of Appeals, February 2, 1897; Motion for Rehearing Overruled May 11, 1897.

1. Replevin: FRAUD: EVIDENCE: INSTRUCTIONS. In an action of replevin for the recovery of goods sold, on the theory that the sale was induced by the fraud of the vendee, where there was nothing in the evidence from which the jury could justly infer that the purchase of the goods in controversy was made by the vendee with the intention at the time of never paying for them, instructions submitting that issue to the jury was reversible error.

.2. Contract: RESCISSION: REASONABLE TIME: JURY QUESTION. What constitutes reasonable time within which to declare the rescission of a contract is ordinarily a question of fact; and, held, that under the evidence in this case, the question was properly submitted to the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED; Judge BIGGS concurring, Judge BLAND not sitting.

*B. Schnurmacher, Broadhead & Hezel,* and *Cecil V. Scott* for appellant.

The seller of goods on credit can only rescind the sale and maintain replevin for the goods upon proof that the vendee intended at the time of purchase never to pay for them. *Manheimer v. Harrington,* 20 Mo. App. 297; *Bidault v. Wales,* 19 Mo. 36; *Fox v. Webster,* 46 *Id.* 181.

Where, after the discovery of fraud, complainant treats the transaction as existing, he will waive the right to rescind. Nor will the subsequent discovery of a new incident of the fraud revive the right to rescind. *Taylor v. Short,* 107 Mo. 384; *Johnson, Brinkman Co. v. R'y,* 52 Mo. App. 407; *State ex rel. v. Jones,* 53 *Id.* 207.

The offer to place the wrongful party *in statu quo* must be made before replevin is maintainable, and if brought before doing this, the action is prematurely brought, and must abate. The rescission under this rule is an absolute prerequisite to the right to sue. *Cahn v. Reid,* 18 Mo. App. 115; *Parrish v. Thurston,* 87 Ind. 437; *Farwell v. Hanchett,* 19 Ill. App. 620; *Moriarty v. Steffen,* 89 *Id.* 528; *Hasse v. Mitchell,* 58 Ind. 213; *Thompson v. Peck,* 115 *Id.* 512, and citations.

*Mill & Grant* for respondent.

Where the question of fraudulent intent is involved in making purchases of goods or conveyances of property, other transactions and statements of the party, previous and subsequent, as well as contemporaneous with the transaction in controversy, which have a natural tendency to explain the motives with which it may have been effected, are relevant. *Elsass v. Harrington*, 28 Mo. App. 300; *Kramer v. Wilson*, 22 *Id.* 173; *Singer v. Goldenberg*, 17 *Id.* 549.

Knowledge on the part of the purchaser, at the time of making the purchase, that he will not be able to pay for the goods, is tantamount to an intent not to pay for them. *Elsass v. Harrington, supra; Strauss v. Hirsch*, 63 Mo. App. 110.

Even in a case where an election of remedies has been made which are inconsistent, the election, in order to amount to an estoppel, must be made with full knowledge of all the facts in the case. *Johnson-Brinkman Co. v. R'y*, 126 Mo. 344, and citations. See, also, *Milling Co. v. Walsh*, 20 Mo. App. 110.

BOND, J.—In December, 1895, the Peters Rubber Company executed a deed of trust conveying all of its assets for the security of certain creditors, including in those named the plaintiff and the Manhattan Rubber Company. On the sixth of January, 1896, the latter attached a part of the goods mentioned in the trust deed. On the twenty-fifth of January, 1896, plaintiff replevied the goods so attached from the defendant, who held them as sheriff under the writ of attachment, in favor of the Manhattan Company. The petition is in the usual form. The answer of the defendant sets up a seizure by virtue of the process in his hands as an officer, and demands the return of the

property or its value. Issue was taken by reply. There was a verdict and judgment for plaintiff, from which defendant appealed.

II.    The theory on which this action was brought is that the sale by plaintiff of the replevied goods was induced by the fraud of the vendee, wherefore plaintiff became entitled to rescind the sale and retake the property. It is insisted by defendant that his demurrer to the evidence should have been sustained. This requires a consideration of the evidence required to take the case to the jury. Plaintiff adduced evidence that it had been consigning goods to the Peters Company for sale previous to June, 1895, at which date Mr. Peters called upon plaintiff in Worcester, Massachusetts, for the purpose of making a change in their course of dealing, whereby the Peters Company should in the future purchase goods of plaintiff on time and buy outright those which it then held upon consignment. In the conversation had between Mr. Peters and the representative of plaintiff an exhibit was made showing the assets and liabilities of the Peters Company to be $40,456.20 each on the twenty-second of May, 1895. In this list of liabilities were included capital stock paid up $10,000; undivided profits $4,411.54. The exhibit contained the following notation: "Our stock was increased February, 1895, to $20,000. Extra, $10,000. Stock subscribed for in February, 1895, but not to be paid for nine months." Plaintiff's evidence tends to show that Peters represented the Peters Rubber Company to be solvent at that time, and subsequently (October or November, 1895) stated that the increase of its stock had been paid; that relying on the truth of the representations made by Mr. Peters, plaintiff after taking the notes of the Peters Rubber Company for the goods, held by it on consign-

*REPLEVIN: fraud: evidence: instructions.*

ment, commenced to sell other goods about July 2, 1895, and continued such sales until December 4, 1895, when they amounted to $3,676.31, all of said sales being made on a credit of sixty and ninety days after the transmission of accounts therefor. Plaintiff's evidence further tended to show that the statements made and the exhibits shown by Mr. Peters were known by him at the time to be untrue and incorrect. There was evidence tending to show that plaintiff's western representative called upon the trustee in the deed of trust shortly after its execution, and discussed with him plans for disposing of the property conveyed; that in none of these interviews did he claim that plaintiff owned any part of the goods in dispute; that plaintiff's attorney called upon the trustee for information as to the value of the goods conveyed and the probability of the payment of the claims of the secured creditors; that he also claimed no portion of the goods as belonging to plaintiff, but when he learned of the attachment suit instituted by the Manhattan Company, expressed the opinion that it was ill-advised. The evidence shows the present action was brought some time after the institution of the suit by attachment. There was also evidence tending to show that the Peters Company paid some of the notes given by it to plaintiff for the purchase of the consigned goods and renewed another by agreement. From the foregoing evidence the jury might have inferred that the goods in dispute were sold upon fraudulent representations as to the solvency of the Peters Company at the time of the conversation between its president and the secretary of plaintiff. There is nothing, however, in the evidence in this cause from which the jury could have justly inferred that the purchase of the goods in dispute was made by the Peters Company with the intention at the time that it would never pay for them.

*Elsass v. Harrington*, 28 Mo. App. 300; *Bidault v. Wales*, 19 Mo. 36; *Reid v. Loyd*, 67 Mo. App. *loc. cit.* 516; *Leedom v. Furn. Co.*, 38 Mo. App. *loc. cit.* 433. Hence the latter issue should not have been submitted to the jury in this case, and the instructions to that effect given by the court at the instance of plaintiff, having no support in the evidence, constituted reversible error.

III.    As the case must be retried it is proper that attention should be called to the point pressed in argument by appellant, that plaintiff was debarred from declaring a rescission of its contract with defendant on the ground of fraud because such declaration was not made with sufficient promptness after the discovery of the alleged fraud. *Cahn v. Reid*, 18 Mo. App. *loc. cit.* 123; *Taylor v. Short*, 107 Mo. 384. What constitutes reasonable time within which to declare a rescission is ordinarily a question of fact. It may, however, be a question of law if the circumstances are such as to demonstrate unreasonable delay. Under the facts shown in this record the question was properly submitted to the jury. For the foregoing reasons, the judgment in this case will be reversed and the cause remanded. Judge BIGGS concurs; Judge BLAND not sitting.

CONTRACT: rescission: reasonable time: jury question.