SWEET, DEMPSTER & COMPANY, a Corporation, Appellant, v. ANDREW M. SULLIVAN, Respondent.

St. Louis Court of Appeals, November 29, 1898.

1. **Vendor and Vendee**: SALE: INSOLVENCY. Insolvency of the vendee, though known to him and unknown to the vendor is not within itself sufficient to avoid a sale of goods.

2. **Instructions.** The instructions in the case at bar properly declared the law.

3. **Testimony**: BILL OF EXCEPTIONS: PRACTICE, TRIAL: PRACTICE, APPELLATE. Where the proposed but rejected testimony at the trial is not preserved by the bill of exceptions this court will assume that it was valueless and of no probative force.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED:

MERRIFIELD W. HUFF for appellant.

The instruction given is faulty in that it declares the law to be that known insolvency is not sufficient to justify a finding for the plaintiff. This is contrary to the decision of this court. Strauss v. Hirsch, 63 Mo. App. 95; Blackwell v. Fry, 49 Mo. App. 638, at 639; Reid et al. v. Lloyd, 52 Mo. App. at 282. The conversation between Hart and Fallon as to condition of F. W. Humphrey & Company and their credit at the time of the sale should have been admitted in evidence. Meacham on Agency [Ed. 1889], sec. 369; Sprague v. Gillett, 9 Metc. 91; Hunter v. The Hudson, etc., Machine Co., 20 Barb. 493; Kirkendall v. Hartsook, 59 Mo. App. 239. It was not even necessary for plaintiff to show express authority to make these representations; the authority to purchase was authority to make the necessary representations as to solvency. Hunter v. Machine Co., 20 Barb. 506. Where the acts of a party will bind the principal then his representations, declarations and admissions respecting the subject-matter will also bind him if made at the same time and constituting part of the *res gestae*. Robinson v. Walton, 58 Mo. 380; Brooks v. Jamison, 55 Mo. 505; Rice v. Groffman, 56 Mo. 434. The question as to whether or not the relationship of principal and agency exists is a question of fact and not one of law. Nicholson v. Golden, 27 Mo. App. 132, at 155.

JOHN H. OVERALL for respondent.

The question of agency is a question of fact, and the court below found from the evidence that the agency of Hart was limited to the selection of goods to be purchased. It is unnecessary to submit authorities to sustain the proposition that where an agency is limited the principal can not be bound beyond such limit. Here Hart was to select the goods, which implied that he was to determine the quantity, quality and price of the goods to be · purchased. He was authorized to bind the firm to that extent and no further. The declaration of law given by the court was correct. The court did not declare, as stated by appellant, that known insolvency is not sufficient to justify a finding for plaintiff, but on the contrary the court declared that "if the firm of F. W. Humphrey & Company at the time of the purchase was insolvent and that this was known to Mr. Tamblyn, the business manager of the firm and that the condition of the firm was such that it could not reasonably expect to pay for the goods purchased of plaintiff then the court may infer as a fact that said goods were purchased with the intent not to pay therefor." The firm of F. W. Humphrey & Company was at the date of the purchase worth from $25,000 to $30,000 more than its liabilities. The assets of F. W. Humphrey are enumerated by Mr. Tamblyn in his testimony and it appears therefrom that Humphrey was worth from $25,000 to $30,000 over and above all liabilities. The appellant did not state what he expected to prove by Fallon, and therefore this court will not review the action of the lower court in rejecting the testimony of witness. Bank v. Aull, 80 Mo. 199; State ex rel. Fannell v. Leland, 82 Mo. 210; Jackson v. Hardin, 83 Mo. 175. From the testimony elicited in this case it can merely

be inferred by the court that appellant desired to introduce declarations of Hart as to the financial condition of F. W. Humphrey & Company; but whether Hart said they were solvent or that he supposed Humphrey & Company was "as usual," as he stated to Sweet does not appear. What was intended to be elicited from Hart must be left to the wildest conjecture.

BLAND, P. J.—Appellant is a corporation engaged in the wholesale hat business in the city of Chicago, Illinois; F. W. Humphrey was the sole member of the firm of F. W. Humphrey & Company, doing a retail clothing business in the city of St. Louis, Missouri; William Tamblyn was the general manager of the Humphrey Company, and Mr. Hart was a salesman in the hat department; William E. Fallon was the St. Louis agent of appellant, and as such had sold bills of hats to F. W. Humphrey & Company prior to the fall season of 1896. Sometime in August, 1896, Fallon went to the store of F. W. Humphrey & Company, for the purpose of selling the firm a bill of goods, and sold to Tamblyn a part of the goods in controversy; being short of samples Fallon induced Tamblyn to let Hart accompany him to Chicago, for the purpose of finishing the purchase; Hart went to Chicago with Fallon and there finished the purchase of hats; the goods were sold on the usual time and were shipped at various times between August 17 and September 8, 1896. F. W. Humphrey, who had been absent from St. Louis during the summer, returned to St. Louis on September 10, 1896, and on September 16, same year, made a deed of trust to respondent Sullivan of his stock of goods to secure the American Exchange Bank of St. Louis; Hackett, Carhartt & Company of New York, and certain other creditors. The respondent under the

provisions of the deed of trust took immediate possession of the stock of goods. On September 22, 1896, the appellant brought suit in replevin to recover possession of the hats sold by them to F. W. Humphrey & Company in August previous. Respondent gave a statutory forthcoming bond and retained possession of the goods. The suit is grounded on the theory that F. W. Humphrey & Company, when they purchased the goods never intended to pay for them, and hence, title did not pass. The issues were tried by the court without a jury. The court gave the following declarations of law: "Unless the court sitting as a jury find from the evidence, that at the time when the goods in controversy were purchased, the firm of F. W. Humphrey & Company did not intend to pay therefor, or that the goods were purchased with the intention to defraud the plaintiff, then the plaintiff is not entitled to recover. The mere fact, if it be found, to be a fact, that F. W. Humphrey & Company was insolvent, is not of itself sufficient to make the transaction fraudulent; but the fact of such insolvency may be taken into consideration by the trier of the facts, in determining whether or not the purchaser intended not to pay for the goods at the time when the same were purchased.

DECLARATIONS of law.

"Unless the court finds and believes from the evidence that the purchaser at the time of the purchase, intended not to pay for the goods in controversy, the plaintiff is not entitled to recover, and the verdict must be for the defendant.

"If the court finds from all the facts and circumstances shown in evidence that the firm of F. W. Humphrey & Company at the time of purchase, was insolvent, and that this was known to Mr. Tamblyn, the business manager of the firm, and that the condition of the firm was such that it could not reasonably expect

to pay for the goods purchased of the plaintiff, then the court may infer as a fact that said goods were purchased with the intention not to pay therefor. But unless the court finds from the evidence that the goods were purchased with such intent, or with intent on the part of the firm of Mr. Tamblyn to defraud the plaintiff, the verdict must be for defendant." The court found the issues for the defendant; from this ruling the case is properly here by appeal.

The appellant finds fault with the instructions, in that they declare that known insolvency is not sufficient to justify a finding for appellant,—that is that known insolvency is in itself insufficient to warrant a finding that the vendor purchased the goods with the intention never to pay for them. In Bidault v. Wales, 19 Mo. 36, Judge Scott said: "No case has been found, in which it is maintained that the insolvency of the purchaser, though known to himself and unknown to his vendor, would avoid a sale." On a second appeal (20 Mo. 549) this language of Judge Scott is cited and approved. The case is approvingly cited also in Thomas v. Freligh, 9 Mo. App. 154. In Fox v. Webster, 46 Mo. 182, it was held that the preconceived design on the part of the vendee of not making good to the vendor the purchase money entering into the transaction, vitiates the transaction. In Manheimer v. Harrington, 20 Mo. App. 297, it is said, "the vendor of goods sold on credit can rescind the contract and recover back the goods *only* upon proof that the vendee intended at the time of the purchase never to pay for the goods." The same doctrine is announced in Blackwell v. Fry, 49 Mo. 49 Mo. App. loc. cit. 461. Substantially the same doctrine is announced in Mfg. Co. v. Troll, 69 Mo. App. 479. We have been unable to find any reported case overruling or modifying the law as stated by Judge

INSOLVENCY of vendee: effect of, in sale of goods.

Scott in Bidault v. Wales, *supra*, and as the instructions given by the court substantially state the law as announced by Judge Scott and subsequently followed by the supreme court and by this court, we approve of them.

Appellant's second assignment of error, is that the court committed error in the rejection of testimony offered by it. Questions by appellant were asked of witness Fallon, what was said to him by Hart at Chicago, touching the financial condition of F. W. Humphrey & Company, which the court, on the objection of respondent, refused to permit Fallon to answer, on the ground that it was not shown that Hart was delegated with authority to bind the Humphrey Company by his representations of its solvency. We think this ruling was correct; Tamblyn—not Hart—was the manager and general agent of the company; Hart was a salesman in the hat department; his mission to Chicago was special and limited to the selection and purchase of a bill of hats; of this fact the plaintiff was fully informed, for it was at the special request of its agent Fallon that he went to Chicago to purchase the bill of goods. Hart's agency being limited, of which limit the appellant had knowledge, he could not bind the principal by any act or statement beyond the scope of his agency. This assignment of error will have to be ruled against the appellant for another reason; it failed to state what representations it expected to prove were made to Fallon by Hart, concerning the solvency of F. W. Humphrey & Company, hence this court is unable to determine from the record whether the rejected evidence is material or not. Bank v. Willis, 79 Mo. 275; Bank v. Aull, 80 Mo. 199; Jackson v. Hardin, 83 Mo. 175. For the reason that the proposed but rejected testimony is not preserved by the bill of exceptions, this

court will assume that it was valueless and of no probative force. State v. Douglass, 81 Mo. loc. cit. 235.

No reversible error appearing in the record, the judgment is affirmed. All concur.

### SEPARATE OPINION BY JUDGE BIGGS.

The rule stated by Judge BLAND that the insolvency of a purchaser is not sufficient of itself to establish the fact that the goods were bought with no intention of paying for them, is too broadly stated, and in my opinion is calculated to mislead. The rule has application only to cases of ordinary insolvency; but it does not and ought not to apply where it appears that the insolvency is gross, that is, where the business of the purchaser was hopelessly swamped and was known by him to be in that condition at the time the purchase was made. In all reason this ought "to justify the inference that the goods were bought with the preconceived design of not paying for them. Applied to the present case the rule is well enough, for we have a case of ordinary commercial insolvency. In Ridault v. Wales, 19 Mo. 36, Judge Scott dealt with a similar state of facts. The exception for which I contend has been recognized by this court in Elsass v. Harrington, 28 Mo. App. 300, and Leedon v. Ward, 38 Mo. App. 425, and by the Kansas City Court of Appeals in Reid v. Moorman, 52 Mo. App. 278.