GRATTON AND KNIGHT MANUFACTURING COMPANY,
Respondents, v. HENRY TROLL, Sheriff of the
City of St. Louis, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Intent of Purchaser of Goods Never to Pay for Them.**
Where the purchaser buys goods with the intention never to pay for
them, the vendor may rescind the sale and take back his goods.

2. ———: INTENT: CIRCUMSTANCES. Intent being a condition of the
mind is not susceptible of direct or positive proof, and must be
made out of facts and circumstances in evidence.

3. ———: INSOLVENCY. Insolvency is one of the circumstances;
but standing alone, is not sufficient to make out the intent never
to pay.

4. ———: GROSS INSOLVENCY. Insolvency with the additional proof
that the insolvency was so gross that the purchaser, at the time
of making the purchase, knew that he would not be able to pay for
the goods, is tantamount to an intent never to pay for them.

5. ———: PRACTICE, TRIAL: ISSUE. Where insolvency is shown, and
in addition thereto other facts and circumstances tending to show
that the purchaser never intended to pay for the goods, the issue
should be submitted to the jury under proper instructions; in the
case at bar there was evidence upon which the issue was properly
submitted to the jury.

6. **Res Adjudicata.** In the case at bar, some facts were brought out
in the last trial, that were not on the first, and it was made to appear
more glaringly that when the goods were bought the Peters Company
was hopelessly insolvent and for these reasons the doctrine of *res
adjudicata* should not be applied.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

LEE W. GRANT for respondent.

While it is true that, as a rule the mere fact of
insolvency of the vendee is not sufficient of itself to

take the case to the jury, yet the insolvency may be so gross that it would authorize the inference that he never intended to pay for the goods; or insolvency attended with evidence of other circumstances may support the inference of fraudulent intent. Reid v. Lloyd, 52 Mo. App. 283. Intent of a purchaser seldom appears in any distinct declaration but is necessarily to be gathered by the jury from all the circumstances in the case. Evidence of insolvency of a debtor and that his business has been steadily declining, is evidence of an intent not to pay for the goods. Elsass v. Harrington, 28 Mo. App. 300. Knowledge on the part of the purchaser, at the time of making the purchase, that he would not be able to pay for the goods, is tantamount to an intent not to pay for them. Elsass v. Harrington, 28 Mo. App. 300; Leedom v. Ward, 38 Mo. App. 432; Reid v. Lloyd, *supra;* Strauss v. Hirsch, 63 Mo. App. 110; Reid v. Lloyd, 67 Mo. App. 516. Even in a case where an election of remedies has been made which are inconsistent, the election, in order to amount to estoppel, must be made with the full knowledge of all the facts in the case. Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Johnson-Brinkman v. Railway, 126 Mo. 344, and cases cited.

C. S. BROADHEAD and PERCY WERNER for appellant.

The seller of goods on credit can not rescind the sale and maintain replevin for the goods upon the proof that the purchaser may have had, at the time of the purchase, no reasonable expectation of paying for them. He can only do so upon proof that the vendee intended at the time of the purchase never to pay for them. Manheimer v. Harrington, 20 Mo. App. 297; Bidault v. Wales, 19 Mo. 36; Fox v. Webster, 46 Mo.

181; Elsass v. Harrington, 28 Mo. App. 300; Reid v. Lloyd, 67 Mo. App. 513, 516.    This court decided on the first appeal of this case (69 Mo. App. 475, 479) that there was nothing in the evidence in this cause from which the jury could have justly inferred that the purchase of the goods in dispute was made by the Peters Company with the intention at the time that it would never pay for them.    The evidence being substantially the same that question is *res adjudicata* on this appeal.    Cherry v. Railroad, 61 Mo. App. 303, 307; Masterson v. Railroad, — Mo. App. 572, 575; Bank v. Taylor, 62 Mo. 338; Kerr v. Cusenbary, 69 Mo. App. 221–223; Hastings v. Hennessy, 70 Mo. App. 354, 357. Without evidence of rescission of the contract there could be no right of action in plaintiff for the recovery of the goods.    Chemical Co. v. Nickells, 66 Mo. App. 678, and cases cited at page 690; Cahn v. Reid, 18 Mo. App. 115, page 122 *et seq.;* Estes v. Reynolds, 75 Mo. 563; Wertheimer v. Bank, 56 Mo. App. 662.    It is the duty of the trial court, upon the trial of questions of fact, where one of the parties thereto so requests to state in writing its conclusion of facts found; and where one of the parties to a case so tried by the court makes such request, the other party may rely upon the court's performance of its duty.    R. S. Mo. 1889, sec. 2135; Nichols v. Carter, 49 Mo. App. 401; Bates v. Bower, 17 Mo. 550; Farrar v. Lyon, 19 Mo. 122; Duesterberg v. Vincennes, 116 Ind. 144.

BLAND, P. J.—A contention is made in this court as to the correctness of the following paragraph in the certified copy of bill of exceptions, viz.: "Whereupon the plaintiff in the following words, in writing, asked the court to make a finding of facts, to wit: "We would also request the court to make its finding of facts. "But the court failed and refused to do so, and defend-

ant duly excepted at the time to the court's refusal to make a finding of the facts." The original bill of exceptions (produced in this court by its order) shows that on the margin of the page of the bill on which the above paragraph is written, the word "*out*" is written in pencil with cross marks thus "x x" just below and at the beginning and end of the word "out." A stipulation had been filed stating that this word "out" was written by Judge Fisher (the judge who signed the bill of exceptions). We are of the opinion that the clerk properly disregarded the marginal word and marks on the bill of exceptions. If it was intended to expunge this paragraph from the bill, some definite and certain mode of expunging it should have been used. A bill of exceptions when certified and signed by the trial judge becomes a part of the record and imparts absolute verity (20 Mo. App. 352; 46 Mo. App. 546) and should never be so prepared as to leave any doubt of its contents or question as to its integrity. The request for a finding of facts was made by the respondent; the exception to the refusal of the court to comply with the request was made by the appellant; not being his motion or request, he could not save an exception to the ruling of the court thereon, hence the ruling is here without an exception saved to it, and will not be further noticed.

The suit is in replevin for the recovery of specific goods sold by the plaintiffs to the Peters Rubber & Supply Company, a corporation, which sale the plaintiffs claimed on the trial to be fraudulent, from which the defendant appealed.

The Peters Rubber and Supply Company was a Missouri corporation doing business in the city of St. Louis, and was organized in July, 1894, at which time it bought the private business of Mr. Peters, whose assets amounted to $6,653.82, liabilities, $7,189.34; against his business Peters had drawn an overdraft of

$535.52, which was released on the organization of the corporation, thus leaving the assets at $6,118.30. Prior to June, 1895, the plaintiff, a Massachusetts corporation, had from time to time consigned goods to the Peters Company for sale on commission. In June, 1895, Peters, who was the business manager of the Peters Company, visited Worcester, Massachusetts, plaintiff's place of business, and bought all the goods of plaintiff then on consignment with the Peters Company, and gave the notes of his company, payable at different times for the purchase price, and also a note for $4,000 for balance due from the Peters Company, on account of sales of consigned goods which had not been previously accounted for. This latter note was due two years after date, and was secured by personal indorsers. The goods replevied were sold to the Peters Company between July and December, 1895, on ninety days' time, the selling price being about $3,000. On December 23, 1895, the Peters Company conveyed all of its assets, including the property in question, to Hugo Grimm, in trust to secure certain of its creditors therein named. The Manhattan Rubber Manufacturing Company of New York was a creditor of the Peters Company at the time the deed of trust was executed in the sum of about $9,000, and on January 6, 1896, brought suit by attachment against the Peters Company in the St. Louis circuit court, and caused the goods in controversy to be levied upon—found in the possession of Grimm, the trustee; thereafter plaintiff replevied the goods from Troll, the defendant, who held them as sheriff under the levy of the attachment. On the trial, plaintiff, to sustain its suit, introduced testimony with the view of showing that the Peters Company purchased the goods with the intent never to pay for them. The substance of the evidence on this issue was, that the Peters Company at its organization assumed liabilities

in excess of its assets; that its expenses were greatly in excess of its gross profits on sales; that at the time the goods were purchased of plaintiff the company was hopelessly insolvent; that Peters as general manager had knowledge of the financial condition of the company when he made the purchases.

One of the assignments of error is that the trial court improperly submitted to the jury the issue that the Peters Company bought the goods with the intention never to pay for them. On this assignment the appellant contends that the evidence was insufficient to carry this issue to the jury, and that that issue is *res judicata*, the case having been here on a former appeal, when it was held by this court that there was no evidence to warrant the submission of this issue to the jury (69 Mo. App. 475).

From a close and critical examination of the bills of exceptions in the two trials, it appears that some facts were brought out in the last trial, that were not on the first, and that the financial condition of the Peters Company from its organization to the time of its failure was more fully developed on the latter trial than on the first; and also the fact of Peters' knowledge of the financial affairs of the company is shown by the testimony of the bookkeeper and secretary of the company on the last trial, which was not done on the first. On the last trial a more full and detailed account of the expenses of the company was shown, than on the former, and it is made to appear more glaringly that when the goods were bought, the Peters Company was hopelessly insolvent. For these reasons the doctrine of *res adjudicata* should not be applied.

Res adjudicata.

Referring to the sufficiency of the testimony to warrant the court to send the issue of intent never to pay for the goods to the jury, it may be safely premised

that it is settled law in this state that the insolvency of the purchaser, though known to himself and unknown to his vendor, does not avoid a sale. Bidault v. Wales, 19 Mo. 36; Reid, Murdock & Co. v. Lloyd & Moorman, 52 Mo. App. loc. cit. 283; 69 Mo. App. 475, *supra*. It is also well settled law that where the purchaser buys goods with the intention never to pay for them, the vendor may rescind the sale and take back his goods. Fox v. Webster, 46 Mo. 181; Reid & Co. v. Lloyd, 67 Mo. App. 513. Intent being a condition of the mind is not susceptible of direct or positive proof, and must be made out of facts and circumstances in evidence. Insolvency is one of the circumstances, but standing alone, as we have seen, is not sufficient to make out the intent never to pay; but insolvency with the additional proof that the insolvency was so gross that the purchaser at the time of making INTENT never to the purchase knew that he would not be pay. able to pay for the goods, is tantamount to an intent never to pay for them. Elsass v. Harrington, 28 Mo. App. 300; Leedom v. Ward, 38 Mo. App. 432. And where the business of the purchaser at the time of the purchase is hopelessly swamped, the issue of intent never to pay should be left to the jury. Reid v. Lloyd, *supra;* Strauss & Co. v. Hirsch & Co., 63 Mo. App. 95; Swafford Dry Goods Co. v. Jacobs, 66 Mo. App. 362. And it may be said generally that where insolvency is shown, and in addition thereto other facts and circumstances tending to show that the purchaser never intended to pay for the goods, the issue should be submitted to the jury under proper instructions. The evidence in this case was such as to show the Peters Company hopelessly insolvent at the time the purchases were made, and that Peters the general manager and agent of the company, knew this fact when he made the purchases. We

conclude therefore that there was evidence upon which the issue was properly submitted to the jury, and there was no error in refusing to give appellant's instruction in the nature of a demurrer to the evidence. This disposes of all the assignments of error, and we affirm the judgment. All concur.